The Honorable Curren Everett State Representative 9600 Highway 9 South Salem, Arkansas 72576-9159
Dear Representative Everett:
I am writing in response to your request for my opinion on a question I will paraphrase as follows:
 Did the Baxter County Judge act within his legal authority when he circumvented the decision of the Baxter County Quorum Court by instructing the Baxter County Airport Commission to enter into a loan agreement that appears to convey a security interest in airport property to a local bank and also incurs interest to the county?
RESPONSE
I must respectfully decline to answer this question, which raises issues that are currently the subject of litigation on appeal from Baxter County CV 07-45-4 in the case of Mt. Home Flight Service, Inc. etal. vs. Dan Hall, et al., CA08 00932. The complaint alleges an illegal exaction based on the fact that the county judge, an airport commissioner chairman and the director of the Arkansas Department of Aeronautics impermissibly permitted the county to pledge matching funds for a grant to construct an airplane hangar and to provide various airport services. The complaint further alleges that the quorum court was obliged to approve any appropriation for the matching funds. The complaint seeks to enjoin the mayor and the quorum court from appropriating funds for what it describes as "a null and void grant." The grant funds referenced in the complaint are the same as those referenced in the opinion request, and one of the major issues on appeal is the relative authority of the quorum court and/or the mayor to approve pledging *Page 2 
matching funds. (The county judge has reportedly approved expending loan revenues to provide the matching funds while the quorum court has refused to approve the expenditure.)
Although I am statutorily obliged to render my opinion to members of the legislature and various state officials regarding matters of state law, A.C.A. § 25-16-706, I am neither authorized nor equipped to opine on issues whose resolution will necessarily involve making factual determinations. Resolving such issues is a task traditionally left to the courts. In order to avoid encroaching upon exclusively judicial prerogatives, it has long been the policy of this executive-branch office to avoid rendering opinions on matters that are either pending in or appear uniquely appropriate for submission to the courts for resolution. Under the circumstances, I can do no more than attach for guidance a copy of Op. Att'y Gen. No. 2007-009, which generally discusses the authority of these various officials. I regret that I could not be of further assistance.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL, Attorney General *Page 1